[No. A068759. First Dist., Div. Five. Feb. 26, 1996.]

THE REGENTS OF THE UNIVERSITY OF CALIFORNIA et al.,
Plaintiffs and Respondents, v.
BURNET BARNES SUMNER et al., Defendants and Appellants.

**[Opinion certified for partial publication.\*]**

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of sections II.A. through II.E. and section II.G.

COUNSEL

Siegel, Yee & Jonas and Dan Siegel for Defendants and Appellants.

James E. Holst, John F. Lundberg, Marcia J. Canning, Marianne Schimelfenig, Corbett & Kane, Judith Droz Keyes, Monna R. Radulovich, Philip Obbard, Schachter, Kristoff, Orenstein & Berkowitz and Alan Berkowitz for Plaintiffs and Respondents.

## OPINION

**PETERSON, P. J.**—Appellants, Dr. Burnet Barnes Sumner and Dr. Christine Wood McGill, contend the trial court improperly granted a summary judgment which enforced a previous settlement between appellants and respondents, the Regents of the University of California (the Regents) and Robert W. Surber, in a sexual harassment action brought by appellants. We affirm.

### I. FACTS AND PROCEDURAL HISTORY

The parties agreed at the time of the settlement that the details of their agreement would be confidential. They have filed under seal in this court their briefs and other documents concerning the settlement. Since this opinion is a public document, we will attempt to avoid disclosure of the confidential details of the settlement agreement in so far as possible. We granted authority, however, for the parties to discuss the settlement agreement in open court during oral argument, rejecting a motion to close oral argument to the public.

Appellants brought a prior action, Sumner v. Regents of University of California (Super. Ct. S.F. County, No. 941711), alleging sexual harassment and other torts against their employer, the Regents, and certain named

individual defendants, including Surber. The previous action was the subject of scheduled voluntary mediation sessions organized by the Judicial Arbitration and Mediation Services (JAMS) in an attempt to settle the matter. The mediation sessions were presided over by a retired judge, the Honorable Rebecca Westerfield. Appellants were represented by their then counsel, Paul Monzione. The Regents, Surber, and individual defendants were also represented by counsel. The mediation sessions ended after two days when the parties announced they had reached an agreement to settle the matter amicably.

The terms of the settlement were dictated into a tape recorder by appellants' counsel, with clarifications by Judge Westerfield, the attorneys for the parties, and appellants; and a transcript was prepared. We need not reveal the confidential details of the agreement here; it is sufficient to note that the agreement is very detailed, and both appellants indicated they agreed to the terms of the settlement.

The deal was struck on June 3, 1993. This June 3 settlement is the only one respondents sought to enforce. While there was correspondence thereafter which appellants characterize as a "counteroffer," it is clear from the record that the June 3 deal was final and binding, and that subsequent events and correspondence were merely intended to effectuate the terms of the June 3 agreement.

The settlement required the formal approval of the Regents. It was agreed between the parties that the counsel for the Regents would recommend to the Regents that they approve the settlement, and they subsequently did so. It was also agreed that the terms of the dictated settlement would be incorporated by counsel for the Regents into a more formal typed release document, and counsel for the Regents did so after the Regents formally approved the settlement.

However, after the dictated settlement was concluded and before the typed release was prepared, appellants began to have second thoughts about the matter. They discussed the matter with their husbands, who are medical doctors. Appellants then began to feel uneasy about various terms of the settlement. They informed their counsel that they could not agree to go through with the terms of the settlement. Appellants' counsel then wrote to counsel for respondents, stating in relevant part as follows: "Both Ms. McGill and Ms. Sumner have informed me they wish to rescind this agreement at this time, and have provided me their authority to do so. Accordingly, you are hereby notified the settlement agreement is rescinded and will not be executed by [appellants]."

Respondents then brought these actions to enforce the terms of the dictated settlement agreement. The parties filed cross-motions for summary judgment as to the legal validity of the dictated settlement agreement. The trial court, after hearing argument and considering the evidence, granted respondents' motion for enforcement of the settlement and denied the motion of appellants; the trial court also adhered to this result on appellants' motion for new trial.[1] Appellants then brought this timely appeal.[2]

## II. DISCUSSION

We affirm the trial court's ruling. Appellants entered into a final, binding, and legally enforceable settlement agreement according to the terms dictated by the parties after the conclusion of their mediation and settlement conference.

A.-E.*

. . . . . . . . . . . . . . . . . . . . . . . . . .

### F. *Evidence of the Settlement*

■        Appellants contend the trial court erred in considering the transcript of the dictated oral settlement as evidence of a settlement agreement. They assert this violates the provisions of Evidence Code section 1152.5 (section 1152.5),[5] which were interpreted by a majority of a panel of the Third District to bar evidence of a settlement reached *during* the course of mediation sessions. (See *Ryan* v. *Garcia* (1994) 27 Cal.App.4th 1006, 1013 [33 Cal.Rptr.2d 158] (*Ryan*).)

---

[1] The trial court did grant a partial new trial on respondents' second cause of action, which presented the issue of whether appellants' failure to perform according to the terms of the dictated settlement agreement constituted a breach of the covenant of good faith and fair dealing. The Regents then dismissed their second cause of action, and the trial court entered a final judgment which is properly appealable.

[2] Surber brought an additional cause of action against appellants for fraud, alleging that they had no intention of complying with the settlement agreement. This cause of action for fraud and Surber's cause of action for breach of the covenant of good faith and fair dealing were tried to a jury, which we are informed returned a defense verdict.

*See footnote, *ante*, page 1209.

[5] Section 1152.5 provides, in pertinent part: "(a) When persons agree to conduct and participate in a mediation for the purpose of compromising, settling, or resolving a dispute in whole or in part: [¶] (1) Except as otherwise provided in this section, evidence of anything said or of any admission made *in the course of the mediation* is not admissible in evidence . . . ." (Italics added.)

Appellants waived this point in the trial court when they themselves introduced the transcript of the dictated settlement into evidence, and did nothing to timely object to the introduction or consideration of such evidence. The matter was not raised by appellants at all; it was the trial court which raised this issue at the hearing on the motion for new trial, by which time the matter was already waived.

Further, *Ryan* is distinguishable. In the present case, the parties *concluded* their mediation session, and then created a transcript of the settlement they had reached in order to memorialize the agreement they had reached. The transcript of the settlement was not a part of the mediation session, where section 1152.5 would bar introduction into evidence of concessions of liability made only for purposes of mediation or settlement discussions. No valid purpose would be served here by misinterpreting section 1152.5 to bar introduction of evidence regarding the settlement agreed to by the parties.

We also recognize that certain language in the majority opinion in *Ryan*, *supra*, seems inconsistent with our ruling. Our views are indeed more closely in accord with Justice Raye's dissenting opinion in *Ryan*, *supra*, which properly recognized that evidence of oral statements defining the scope of a settlement agreement reached after mediation is admissible to enforce the settlement, since the Legislature's enactment of section 1152.5 shields only statements made "in the course of" mediation from admission in subsequent proceedings, and section 1152.5 does not affect the admissibility of evidence of an oral settlement which is reached after mediation has successfully concluded: "Once a compromise is reached the mediation process is over. An oral agreement cannot be crafted until after compromise has been reached. Therefore an oral statement of the terms of the agreement does not fall within [section] 1152.5." (*Ryan*, *supra*, 27 Cal.App.4th at p. 1014 (dis. opn. of Raye, J.).)

The majority opinion in *Ryan* has never been cited or followed in a published opinion before today, and we respectfully decline to follow it. We conclude section 1152.5 does not bar evidence of oral statements defining the terms of a settlement agreement reached after mediation. The trial court properly enforced the settlement agreement according to the terms stated in the transcript which the parties created in order to memorialize their agreement, after the mediation sessions were successfully concluded.

G.    *Rescission Rights Under OWBPA**

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

III.    DISPOSITION

The judgment is affirmed.

King, J., and Haning, J., concurred.

A petition for a rehearing was denied March 15, 1996, and appellants' petition for review by the Supreme Court was denied May 15, 1996.

---

*See footnote, *ante*, page 1209.