**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GEORGE MORELLO,

            Plaintiff - Appellant,

v.

AMCO INSURANCE COMPANY,

            Defendant - Appellee.

No. 14-16219

D.C. No. 3:11-cv-06623-WHO

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
William Horsley Orrick, III, District Judge, Presiding

Argued and Submitted May 13, 2016
San Francisco, California

Before: KLEINFELD, IKUTA, and WATFORD, Circuit Judges.

George Morello appeals from the district court's order granting summary

judgment to AMCO Insurance Company on Morello's claims for breach of the

implied covenant of good faith and fair dealing, intentional infliction of emotional

distress, unfair business practices, and violations of the Unruh Act.  Morello also

---

        *    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

appeals the district court's order denying Morello's motion for reconsideration of its summary judgment order. We have jurisdiction under 28 U.S.C. § 1332, and we affirm.

Viewing the evidence in the light most favorable to Morello, the record does not raise a genuine issue of material fact that AMCO breached the implied covenant of good faith and fair dealing in its handling of Morello's insurance claim.

There is no substantial evidence that AMCO engaged in an unreasonable investigation. AMCO undertook persistent efforts to obtain information from Morello and others, and employed experts to review the evidence and examine Morello, so it is inconsequential that in hindsight there may have been other avenues to explore. *See Othman v. Globe Indem. Co.*, 759 F.2d 1458, 1464–65 (9th Cir. 1985).

It was reasonable for AMCO to rely on Dr. Soong's expert opinion that Morello was not entitled to future medical care, particularly since Nurse Powell and Dr. Strassberg reached a similar conclusion. *See Fraley v. Allstate Ins. Co.*, 81 Cal. App. 4th 1282, 1292–93 (2000). There is no evidence in the record that Dr. Soong acted in bad faith in reaching his conclusion or in destroying the documents provided by AMCO after he completed his report. Because there was a genuine

2

dispute as to liability, no reasonable juror could conclude that AMCO unreasonably withheld benefits due under Morello's policy. *See Pyramid Techs., Inc. v. Hartford Cas. Ins. Co.*, 752 F.3d 807, 823 (9th Cir. 2014).

To the extent we may consider the expert reports of Thomas Corridan and Guy Kornblum, *see* Fed. R. Civ. P. 56(c)(1), (c)(4), their conclusory opinions that AMCO mishandled Morello's claim are rebutted by the record, so they cannot defeat summary judgment. *See In re Worlds of Wonder Sec. Litig.*, 35 F.3d 1407, 1425–26 (9th Cir. 1994). The district court fully considered Morello's admissible evidence,[1] and the record does not raise a genuine issue of material fact that AMCO unreasonably delayed in making a settlement offer while engaging in mediation and arbitration proceedings.

Because the district court did not err in granting summary judgment to AMCO on bad faith, it likewise did not err in granting summary judgment to AMCO on Morello's claims for intentional infliction of emotional distress, unfair business practices, and violation of the Unruh Act, which were premised on the same grounds as the bad faith claim.

---

[1] Morello's evidence of AMCO's communications during mediation is not admissible for his bad faith claim. *See Foxgate Homeowners' Ass'n, Inc. v. Bramalea Cal., Inc.*, 26 Cal. 4th 1, 14–15 (2001).

The district court did not abuse its discretion in denying Morello's motion for reconsideration of its summary judgment order. The court committed no "clear error" in granting summary judgment in favor of AMCO, and our decision in *Pyramid Techs.* created no "intervening change in the controlling law" warranting reconsideration. *See Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

**AFFIRMED.**