Filed 6/24/22  P. v. Wilkins CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C094779 |
| Plaintiff and Respondent, | (Super. Ct. No. 03F05969) |
| v. | |
| RYAN MICHAEL WILKINS, | |
| Defendant and Appellant. | |

Defendant Ryan Michael Wilkins appeals the trial court's order granting the petition to commit him as a sexually violent predator under Welfare and Institutions Code[1] section 6600 et seq.  On appeal, he argues he is entitled to the same advisements as criminal defendants, as well as those defendants committed as mentally disordered offenders and following not guilty by reason of insanity judgments, under the principles of due process and equal protection.  Defendant argues the trial court did not adequately advise him under the standard applicable to other similarly situated defendants, and thus

---

[1]     Further section references are to the Welfare and Institutions Code.

1

his case must be reversed or, in the alternative, conditionally reversed and remanded so the trial court can hold an equal protection hearing.

We disagree and affirm.

FACTUAL AND PROCEDURAL BACKGROUND

The facts of defendant's crimes are irrelevant to this appeal. Suffice it to say, defendant pled guilty to a qualifying sexual offense in 2004 in exchange for the dismissal of a similar sexual offense against a separate victim. In 2009, a petition was filed alleging defendant met the criteria of a sexually violent predator.

On June 7, 2021, defendant remotely appeared for a trial status conference. Before speaking with the judge, defendant and his attorney were sent to a virtual breakout room to speak privately. When defendant and his attorney returned to speak with the trial court, defendant's counsel stated he was ready for trial, but "[t]he issue that has not been able to get resolved is whether or not [defendant] is going to request a jury trial in this matter. So I explained to him the difference between a jury trial and a court trial, and asked him if he was -- and also corresponding with a jury trial he would be transported to Sacramento, put into quarantine, and then we would be able to essentially commence our trial. If he is -- is requesting a bench trial, then his request, I believe, is to appear remotely. So he just needs to inform the Court what his desire is and ask the Court to take any type of waiver at that point." Defendant confirmed he discussed the topics outlined by his counsel.

The trial court then asked defendant, "So you understand you have a right to be present at your trial. It's your trial. You have a right to be present in Sacramento at the trial. [¶] . . . [¶] And you have a right to have a jury trial, which means the People have filed a petition, and they have to prove that you qualify as what's called a sexually violent predator. They have to prove the elements of that to a jury beyond a reasonable doubt and convince all 12 jurors beyond a reasonable doubt that you have a mental condition

2

that makes you a danger to others within the meaning of the sexually violent predator law. [¶] Did you discuss that with your attorney?"

Defendant confirmed he understood he had the right to a jury trial in Sacramento and that his attorney discussed with him the particulars of jury trials. When the trial court asked defendant whether he needed more time to decide, defendant's attorney informed the court that if defendant wanted a jury trial then the trial would have to be continued to accommodate the jail's quarantine process. The trial court then explained to defendant that if he were to choose a jury trial, he would have to be transported to Sacramento and be housed in quarantine for 14 days per the jail's protocols. Defendant said he did not want to be transported to Sacramento. Defendant then confirmed he was waiving his right to be physically present for trial and waiving his right to a jury trial "[b]ecause [he did not] want to go to Sacramento . . . ."

After some back and forth regarding defendant's desire to have a speedy trial, the court asked him whether he wanted a jury trial where he was present or a bench trial to the judge without a jury where he could appear remotely. Defendant said he wanted to appear remotely.

Following this interaction, the trial court found defendant "made a knowing and voluntary waiver of his right to a jury trial. Understanding that the People have the burden to prove to the jury beyond a reasonable doubt that he has a diagnosed mental disorder by reason which he poses a danger to others; that he has a right to have those allegations proved to a jury beyond a reasonable doubt, but that would require him to be present in Sacramento, and he's waiving his right to have a jury trial." Defendant then answered yes to the trial court's question of whether he wished to waive his "right to have a jury trial."

On June 15, 2021, a bench trial was held, and two mental health professionals testified to their opinion that defendant met the criteria of a sexually violent predator. Defendant testified in his own defense. In a written order, the trial court found defendant

3

met the criteria of a sexually violent predator and granted the petition to commit him as such.

Defendant appeals.

## DISCUSSION

Defendant contends he, as a person alleged to be a sexually violent predator, is entitled to the same advisements when waiving his right to a jury trial that are owed to criminal defendants, as well as those defendants committed as mentally disordered offenders and following not guilty by reason of insanity judgments, who are also waiving their right to a jury trial. Defendant argues that, because the trial court inadequately advised him of his right to a jury trial under the standard applicable to those defendants, his case must be reversed, or in the alternative, conditionally reversed and remanded for the trial court to hold an equal protection hearing.

We need not determine whether defendant, as a person alleged to be a sexually violent predator, was entitled under due process and equal protection principles to the same advisements given to defendants in criminal and quasi-criminal proceedings because defendant was given adequate advisements under the standard applicable to those defendants.[2] Thus, even if defendant was entitled to heightened advisements, he cannot show he was prejudiced by the lack of giving those advisements.

### I

*Applicable Law*

Under the Sexually Violent Predator Act, "[a]n alleged [sexually violent predator] is entitled to a jury trial, but only upon a demand by the alleged [sexually violent predator] or his or her attorney. Section 6603, subdivision (a), provides, 'A person

---

[2] Defendant concedes that if we determine the trial court's advisements were adequate under the standard applicable to criminal defendants, we need not determine whether he was entitled to those advisements as a matter of law.

4

subject to this article is entitled to a trial by jury . . . .'  Subdivision (b), in turn, provides, 'The attorney petitioning for commitment under this article has the right to demand that the trial be before a jury.'  Further, '[i]f the person subject to this article or the petitioning attorney does not demand a jury trial, the trial shall be before the court without a jury.' (*Id*., subd. (f).)"  (*People v. Washington* (2021) 72 Cal.App.5th 453, 462.)

Our Supreme Court addressed the adequacy of jury trial advisements in criminal proceedings in *People v. Sivongxxay* (2017) 3 Cal.5th 151.  In that case, our Supreme Court "offer[ed] some general guidance to help ensure that a defendant's jury trial waiver is knowing and intelligent, and to facilitate the resolution of a challenge to a jury waiver on appeal."  (*Id*. at p. 169.)  Our Supreme Court "recommend[ed] that trial courts advise a defendant of the basic mechanics of a jury trial in a waiver colloquy, including but not necessarily limited to the facts that (1) a jury is made up of 12 members of the community; (2) a defendant through his or her counsel may participate in jury selection; (3) all 12 jurors must unanimously agree in order to render a verdict; and (4) if a defendant waives the right to a jury trial, a judge alone will decide his or her guilt or innocence."  (*Ibid*.)  Our Supreme Court "also recommend[ed] that the trial judge take additional steps as appropriate to ensure, on the record, that the defendant comprehends what the jury trial right entails.  A trial judge may do so in any number of ways -- among them, by asking whether the defendant had an adequate opportunity to discuss the decision with his or her attorney, by asking whether counsel explained to the defendant the fundamental differences between a jury trial and a bench trial, or by asking the defendant directly if he or she understands or has any questions about the right being waived."  (*Id*. at pp. 169-170.)

A trial court's failure to follow the *Sivongxxay* guidelines does not necessarily result in the absence of a knowing and intelligent waiver of a defendant's jury trial right.  Our Supreme Court stated:  "[W]e emphasize that our guidance is not intended to limit trial courts to a narrow or rigid colloquy."  (*People v. Sivongxxay*, *supra*, 3 Cal.5th at p.

170.)  "Our precedent has not mandated any specific method for determining whether a defendant has made a knowing and intelligent waiver of a jury trial in favor of a bench trial.  We instead examine the totality of the circumstances." (*Id*. at p. 167.)  "[A] trial court's adaptation of or departure from the recommended colloquy in an individual case will not necessarily render an ensuing jury waiver invalid. . . .  Reviewing courts must continue to consider all relevant circumstances in determining whether a jury trial waiver was knowing, intelligent, and voluntary." (*Id*. at p. 170.)  "[U]ltimately, a ' "defendant's rights are not protected only by adhering to a predetermined ritualistic form of making the record.  Matters of reality, and not mere ritual, should be controlling." ' " (*Ibid*.)

## II

### *The Trial Court's Advisements Were Adequate*
### *Under The Standard Applicable To Criminal Defendants*

The trial court did not require defendant or his counsel to demand a trial.  Thus, the trial court afforded defendant rights beyond those plainly provided in the Sexually Violent Predator Act.  (See § 6603, subds. (a), (b), & (f).)

Instead, the trial court took defendant's explicit waiver of his right to a jury trial.  Defendant argues the waiver was defective because there is nothing in the record establishing defendant knew the jurors would be drawn from the community, that he had the right to participate in jury selection, and the trial court would be deciding the case in lieu of a jury.  Defendant acknowledges the record indicates his attorney spoke to him about the differences between jury trials and bench trials, but argues that, because the record is silent as to the contents of that conversation, we cannot be sure defendant knew of all the components addressed by our Supreme Court in *Sivongxxay*.

Initially, we observe the guidelines articulated in *Sivongxxay* are not mandatory guidelines.  (*People v. Sivongxxay*, *supra*, 3 Cal.5th at p. 167.)  Instead, we uphold the validity of a jury waiver " 'if the record affirmatively shows that it is voluntary and intelligent under the totality of the circumstances' " (*People v. Collins* (2001) 26 Cal.4th

6

297, 310; see *Sivongxxay*, p. 167.)  Here, under a totality-of-the-circumstances analysis, we conclude defendant's jury trial waiver was knowing and intelligent.

Factually, we note the trial court did tell defendant a bench trial meant a trial to the judge and not a jury.  Thus, in total, defendant was aware based on his conversations with the trial court alone that a jury was made of 12 people, that all 12 people must agree beyond a reasonable doubt that he met the definition of a sexually violent predator, that he had the right to be present at the trial, and that a bench trial meant the trial would be in front of a judge without a jury.  Further, the fact defendant was told he would be present for a jury trial implies he would be able to consult with his attorney throughout the jury process, including on the topic of jury selection.  Also, much of the conversation between defendant and his attorney, as well as with the trial court, pertained to defendant being transported to Sacramento for a jury trial.  The fact defendant would be transported to that location for trial implies his jury would be drawn from that community.

While we cannot be certain of the contents of the conversation between defendant and his attorney, we do know the conversation involved defendant's attorney describing the differences between a jury trial and a court trial in addition to the transportation and quarantine protocols involved in the decision to have a jury trial.  After that conversation, the trial court asked defendant whether he had an adequate opportunity to speak with his attorney about the differences between a jury trial and bench trial, whether defendant understood those differences, and whether defendant had any questions.  Defendant's only concerns were with the transportation and quarantine protocols involved in the decision to have a jury trial and with the fact that he wanted a speedy trial; he expressed no concerns with any other component raised by his attorney or by the trial court.  The questions the trial court asked of defendant complied with the recommended steps outlined by our Supreme Court in *Sivongxxay* to ensure a criminal defendant voluntarily and intelligently waived his right to a jury trial.  (*People v. Sivongxxay*, *supra*, 3 Cal.5th at pp. 169-170.)

7

Finally, defendant had a prior experience with the justice system when charged with and convicted of his qualifying offense.  As part of that experience, defendant was advised of and waived his right to a jury trial, as indicated in his plea form, and thus has previously had conversations pertaining to the rights associated with jury trials.  Our Supreme Court found this significant when determining the defendant in *Sivongxxay* voluntarily and intelligently waived his right to a jury trial.  (*People v. Sivongxxay*, *supra*, 3 Cal.5th at p. 167.)  This fact is equally significant here, and like the defendant in *Sivongxxay*, "[v]iewed holistically, the circumstances surrounding defendant's jury waiver demonstrate that it was knowing and intelligent."  (*Id*. at p. 168.)

Because we have concluded the trial court afforded defendant the same procedure owed to criminal defendants when waiving their jury trial right, we need not consider whether defendant, as an alleged sexually violent predator, was entitled to such a procedure under principles of due process and equal protection.  (See *People v. Cortez* (1992) 6 Cal.App.4th 1202, 1212 [" '[o]ne who seeks to raise a constitutional question must show that his rights are affected injuriously by the law which he attacks and that he is actually aggrieved by its operation' "].)

DISPOSITION

The judgment is affirmed.


                                                      /s/
                                                      Robie, Acting P. J.

We concur:


/s/
Mauro, J.


/s/
Renner, J.

8