[No. C055050. Third Dist. May 30, 2008.]

ROBERT CAMPAGNONE et al., Plaintiffs and Appellants, v.
ENJOYABLE POOLS & SPAS SERVICE & REPAIRS, INC., et al.,
Defendants and Appellants.

## Counsel

Jackson & Wallace, Allan D. Gutsche and Thomas W. Purtell for Defendant and Appellant Enjoyable Pools & Spas Service & Repairs, Inc.

Wright, Robinson, Osthimer & Tatum and Stuart E. Jones for Defendant and Appellant Sta-Rite Industries.

Dreyer, Babich, Buccola & Callaham, Stanley P. Fleshman and Stephen F. Davids for Plaintiffs and Respondents.

## Opinion

**THE COURT.**[*]—The relatively recent advent of court-ordered mediation of certain cases on appeal has been a resounding success. For such cases in the Court of Appeal, Third Appellate District, mediation services are furnished by the court, without cost, to the parties for a period of four hours. If the matter is not resolved within that time, the parties and the mediator may agree to continue the mediation at the parties' expense through a fee agreement with the mediator. To maintain its confidentiality, the mediation is administered by a mediation program coordinator, using private volunteer mediators in facilities that are separate from the court.

At last count, the parties in over 50 percent of the matters ordered to mediation in the Third Appellate District have settled their cases prior to the preparation of the appellate record, briefing, and oral argument. By doing so, they saved substantial time and expense, achieved a result acceptable to each party, and moved on with their lives or businesses rather than having prolonged the litigation. The court has also benefited by the fact its resources that otherwise would be devoted to those matters are being used to promptly resolve other appellate cases.

██ For mediation to be effective, the parties must attend all mediation sessions in person, with full settlement authority. And when potential insurance coverage may apply, a representative of a party's insurance carrier must attend all mediation sessions in person, with full settlement authority.

[*]Scotland, P. J., Sims, J., and Butz, J.

Accordingly, rule 1 of the Third Appellate District's local rules (Ct. App., Third Dist., Local Rules of Ct., rule 1, Mediation in Civil Appeals (hereafter local rule 1)) states in pertinent part: "All parties and their counsel of record must attend all mediation sessions in person with full settlement authority. If a party is not an individual, then a party representative with full authority to settle all appeals and cross-appeals must attend all mediation sessions in person, in addition to counsel. If a party has potential insurance coverage applicable to any of the issues in dispute, a representative of each insurance carrier whose policy may apply also must attend all mediation sessions in person, with full settlement authority. Any exception to this requirement must be approved in writing by the mediator." (Local rule 1(d)(9).)

Failure to comply with this rule can doom appellate mediation, thus undermining the beneficial purposes of the mediation process and wasting the time of all involved in the mediation. Therefore, the Third Appellate District hereby puts all on notice that an unreasonable violation of this court's local rules regarding mandatory appellate mediation will result in monetary sanctions.

■ An appellate court has the authority to impose sanctions to ensure that the purposes of its rules of court are achieved and to discourage the future violations of court rules. (*Bryan v. Bank of America* (2001) 86 Cal.App.4th 185, 194–199 [103 Cal.Rptr.2d 148]; Cal. Rules of Court, rule 8.276(a) ["On motion of a party or its own motion, a Court of Appeal may impose sanctions . . ." on "a party or an attorney" for "[c]ommitting [an] unreasonable violation of these rules" [Cal. Rules of Court, rule 8.1 et seq.]].)

■ This authority extends to violations of local rules of an appellate court. (*Keitel v. Heubel* (2002) 103 Cal.App.4th 324, 340 [126 Cal.Rptr.2d 763].) Hence, local rule 1(g) warns that "[m]onetary sanctions may be imposed" for the failure to comply with the Third Appellate District's local rules regarding appellate mediation.

For purposes of local rule 1(g), an insurer is considered a party to the mediation and, thus, may be ordered to pay sanctions for its unauthorized failure to have a representative attend a mediation. (See *Doctors' Co. Ins. Services v. Superior Court* (1990) 225 Cal.App.3d 1284, 1295 [275 Cal.Rptr. 674] ["where . . . the insurer provides a defense for a party, the realities of the insurer's role in the litigation dictate that the insurer be treated as an authorized participant in judicial proceedings . . ."]; *American Mut. Liab. Ins. Co. v. Superior Court* (1974) 38 Cal.App.3d 579, 591–592 [113 Cal.Rptr. 561]

["In the insured-insurer relationship, the attorney characteristically is engaged and paid by the carrier to defend the insured. . . . Both the insured and the carrier have a common interest in defeating or settling the third party's claim. . . . [¶] In such a situation, the attorney has two clients [the insured and the insurer] whose primary, overlapping and common interest is the speedy and successful resolution of the claim and litigation. . . . Together, the team occupies one side of the litigating arena."].)

Ordinarily, monetary sanctions for a violation of court rules may include payment of the aggrieved party's attorney fees and costs, and a payment to the court to reimburse it for the time and expense of processing the matter. (*Olsen v. Harbison* (2005) 134 Cal.App.4th 278, 287–288 [35 Cal.Rptr.3d 909]; *Keitel v. Heubel, supra*, 103 Cal.App.4th at pp. 342–343.)

The issue is complicated, however, by the confidentiality that is afforded to the mediation process. (Local rule 1(e).) Evidence Code section 1119, subdivision (c) states: "All communications, negotiations, or settlement discussions by and between participants in the course of a mediation or a mediation consultation shall remain confidential." Consequently, "[n]o evidence of anything said or any admission made for the purpose of, in the course of, or pursuant to, a mediation or a mediation consultation is admissible or subject to discovery, and disclosure of the evidence shall not be compelled, in any arbitration, administrative adjudication, civil action, or other noncriminal proceeding in which, pursuant to law, testimony can be compelled to be given." (Evid. Code, § 1119, subd. (a).) This rule applies to a "writing, as defined in Section 250 [of the Evidence Code], that is prepared for the purpose of, in the course of, or pursuant to, a mediation or a mediation consultation . . . ." (Evid. Code, § 1119, subd. (b).)

Simply stated: "Neither a mediator nor a party may reveal *communications* made during mediation" or for the purpose of a mediation consultation. (*Foxgate Homeowners' Assn. v. Bramalea California, Inc.* (2001) 26 Cal.4th 1, 4 [108 Cal.Rptr.2d 642, 25 P.3d 1117], italics added.)

On the other hand, the confidentiality rules do not prohibit "a party" from "advising the court about *conduct* during mediation that might warrant sanctions." (*Foxgate Homeowners' Assn. v. Bramalea California, Inc., supra*, 26 Cal.4th at pp. 13–14, original italics [a mediator may not report either communications or conduct during mediation].)

The failure to have all persons or representatives attend court-ordered appellate mediation, as required by local rule 1(d)(9), is conduct that a party, but not a mediator, may report to the court as a basis for monetary sanctions. However, reporting anything more may violate the confidentiality rules.

This limitation on what a party can report, and what a court may consider, has two implications. Can this court, without more, find that a failure to comply with local rule 1(d)(9) was an unreasonable violation of the rule? (See Cal. Rules of Court, rule 8.276(a).) If so, without more, how can this court measure the amount of sanctions?

■ We conclude the unauthorized failure of a party, the party's attorney, or a representative of the party's insurance carrier, to attend a court-ordered appellate mediation necessarily constitutes conduct that is an unreasonable violation of local rule 1(d)(9), warranting imposition of sanctions (local rule 1(g)). This is so because it is self-evident that for a mediation to succeed, each of them must attend every mediation session in person, with full settlement authority.

It follows that the measurement of sanctions for a failure to comply with local rule 1(d)(9) can be made without information other than the violation itself. Because the rule violation necessarily undermines the mediation process, it is self-evident that the time spent by the other party, its attorney, and its insurance carrier's representative has been wasted. Thus, at a minimum, a reasonable sanction is the cost of their wasted time for a period of four hours (see local rule 1(c) [appellate mediation services are furnished by the court, without fee to the parties, for a period of four hours, after which they and the mediator may agree to continue mediation at the parties' expense through a fee agreement with the mediator]), plus the court's cost to process the sanctions motion.

With these principles in mind, we turn to the request for sanctions in this case.

After Robert Campagnone suffered severe injuries when his home swimming pool filter exploded, he and his wife sued the manufacturer of the filter, Sta-Rite Industries (Sta-Rite), and the seller and installer of the filter, Enjoyable Pools & Spas Service & Repairs, Inc. (Enjoyable Pools), alleging negligence and products liability. A jury awarded the Campagnones damages payable by each defendant. On December 8, 2006, judgment was entered in favor of the Campagnones in the amount of $3,271,488, with interest at the rate of 10 percent from the date of entry of judgment until it is paid. Sta-Rite and Enjoyable Pools appeal from the judgment.

Sta-Rite filed a certificate of interested entities or persons (Cal. Rules of Court, rule 8.208), listing the entities that have a financial or other interest in the outcome of the case. The list includes Pentair Water Pool & Spa, Inc., which is Sta-Rite's "[p]arent company" whose "General Counsel's office administers claims against [Sta-Rite]." Sta-Rite later amended the certificate to include National Union Fire Insurance Company (National Union), Sta-Rite's excess insurer for amounts over $3 million.

Because National Union is an excess insurer whose policy "may apply" (local rule 1(d)(9)), the rule of court required it to have a representative attend the court-ordered appellate mediation in person, with full settlement authority. National Union failed to comply.

On February 21, 2008, the Campagnones filed a motion for sanctions against Sta-Rite, its counsel, and/or National Union, seeking $14,200 in attorney fees and $4,845.25 in mediation fees and expenses of participation in the mediation because (1) National Union did not send a representative to the mediation, and (2) Sta-Rite and its counsel "failed to abide by the Local Rule" requiring the insurer to participate in the mediation.[1]

■ Henceforth, the failure of an insurer with "potential insurance coverage," including an excess insurer, to have a representative attend court-ordered appellate mediation in person, with full settlement authority, will result in it being sanctioned by this court for not complying with local rule 1(d). However, we decline to impose sanctions against National Union in this case because it was not given notice of the court-ordered mediation.

■ Although Sta-Rite and its counsel had a duty to notify National Union of the court-ordered mediation, we decline to impose sanctions against them for the following reason. Local rule 1(d) does not explicitly assign to a party and its counsel the duty to notify the insurance carrier that appellate mediation has been ordered by the court. While this duty is implicit in the rule, there has (until now) been no published decision leaving no doubt that the duty resides in the party and the party's counsel.

---

[1] The Campagnones also seek sanctions on the ground Sta-Rite and its counsel "fail[ed] to participate in the mediation process in good faith." Because the claim cannot be advanced without the Campagnones revealing confidential communications made during the mediation process, we reject it.

Henceforth, a party on appeal, and the party's counsel, will be sanctioned by this court for their failure to notify insurance carriers with potential insurance coverage that appellate mediation has been ordered and that the carrier must have a representative attend all mediation sessions in person, with full settlement authority.

The motion for sanctions is denied.

A petition for a rehearing was denied June 18, 2008, and the opinion was modified to read as printed above.