[No. B216848. Second Dist., Div. One. Aug. 27, 2010.]

BOBBY FRANK ELLERBEE, Plaintiff and Respondent, v.
COUNTY OF LOS ANGELES et al., Defendants and Appellants.

**COUNSEL**

Nelson & Fulton, Henry Patrick Nelson and Sanaz Tahernia for Defendants and Appellants.

Day Law Offices and Montie S. Day for Plaintiff and Respondent.

**OPINION**

**JOHNSON, J.**—The County of Los Angeles (County) appeals from a judgment after a jury found it negligent for failing promptly to serve a writ of execution. The County contends the case should never have been tried, and the trial court erred in denying its motion for judgment on the pleadings. We agree. The County and its attorney, Henry Patrick Nelson, also appeal from a pretrial order imposing monetary sanctions against them for failing to participate in a court-ordered mediation. As to that ruling, we find no error and affirm.

## BACKGROUND

Bobby Frank Ellerbee is the holder of an August 2001 superior court judgment against Todd Anthony Shaw, also known as "Too Short," arising out of the death of Ellerbee's son, for which Shaw is responsible. The judgment was amended on June 14, 2007,[1] to add several additional joint debtors. As of June 18 the unpaid principal and accrued interest on the outstanding judgment was $1,091,380.40. On June 18 the superior court issued a writ of execution (writ) to, among others, defendant Lee Baca, Sheriff of the County of Los Angeles (Sheriff).[2]

On June 21, Ellerbee's attorney, Montie Day, delivered the writ to the sheriff's department. The writ was accompanied by the payment of appropriate fees and Day's written instructions noting that new debtors had been added to an existing judgment, and that the debtors were "being paid royalties on an ongoing basis." Day "requested that the service of the writ be expedited," and effected "as soon as possible." The Sheriff received the instructions on June 28.

---

[1] Unless noted otherwise, all dates refer to calendar year 2007.

[2] The Sheriff is not a party to the appeal.

On July 5, Day contacted the sheriff's department to confirm its receipt of the writ and instructions. He stressed the importance of prompt service of the writ on Sony BMG, as Sony Records was in the process of making a new release for Shaw (an entertainer/rapper). The sheriff's department advised Day the writ would be served forthwith. The sheriff's department served the writ on Sony BMG on August 14.

Meanwhile, on July 19, Sony BMG paid $10,000 to Shaw.

On September 5, after learning that Shaw was beginning an appearance on a weekly show on MTV Networks (MTV), Ellerbee sent "supplemental instructions" by overnight mail to the sheriff's department. Ellerbee was concerned that Shaw's show, a live "reality show," could be terminated at any time. In his instructions to the sheriff's department, Ellerbee's attorney explained the debtor was currently being paid on a weekly basis, and requested the writ be served on MTV, "as soon as possible." The sheriff's department received Ellerbee's supplemental instructions on September 6 and, on that day, advised Ellerbee's attorney it would promptly process the levy and garnishment. On September 24 Day wrote to the sheriff's department to ascertain the status of the service of the writ. He stressed that "time . . . was . . . of the essence" because monies owed Ellerbee may have been paid to Shaw by third parties, and urged the Sheriff to take "PROMPT" action to ensure that Sony BMG and MTV were served. The sheriff's department served MTV on October 12.

Between September 6 and October 16, MTV paid Shaw a total of $56,799.30, of which Ellerbee claims $53,953.82 should have gone to him.

Ellerbee's judgment remains unpaid. Shaw, who owes federal taxes of over $1 million, and has declared bankruptcy, is not able to satisfy the judgment.

After exhausting his administrative remedies, Ellerbee filed this action against the County and the Sheriff for negligence. Ellerbee alleged the Sheriff breached an unspecified statutory duty of care by failing promptly to serve the writ on Sony BMG and MTV and that, as a result, he suffered damages of $65,952.83.

The trial court ordered the parties to participate in a mediation. Prior to that proceeding, the mediator advised the parties that in his experience, "the single most important factor contributing to the success of mediation is the presence of both parties." Accordingly, pursuant to the California Rules of Court, the mediator required that "all parties having authority to settle . . . be

present [at] the mediation. Telephonic availability is not an acceptable substitute."

Ellerbee's attorney attended the mediation, as did Ellerbee and Nelson. No representative from the County or the sheriff's department was present. Nelson represented that he had client representatives on telephone standby, and the mediation proceeded. Near the conclusion of the mediation, Ellerbee made a settlement offer, and requested that Nelson communicate it to his client. At that point Nelson admitted that he did not have anyone with settlement authority on standby; the mediation was terminated.

The County and Sheriff moved for judgment on the pleadings. They argued the complaint failed to state facts sufficient to constitute a cause of action against either defendant, and that each governmental defendant was immune. That motion was denied.

Ellerbee filed a motion against defendants and their counsel seeking monetary sanctions for their failure to participate in good faith in the court-ordered mediation. That motion was granted and defendants and Nelson were ordered, jointly and severally, to pay sanctions of $6,194 to Ellerbee's attorney to cover the costs he incurred preparing for and attending the mediation.

A jury trial was held in March 2009. At the close of Ellerbee's case, the Sheriff and the County moved for nonsuit. The Sheriff's motion was granted; the County's motion was denied. The jury found in favor of Ellerbee on his "claim for failing reasonably to execute any of the writs of attachment against the County . . . ." Ellerbee was awarded damages of $39,230. This appeal followed.

## DISCUSSION

1. *Appealability*

 a. *Motion for judgment on the pleadings*

The County purports to appeal from the trial court order denying its motion for judgment on the pleadings. Ellerbee argues the appeal is not well taken because the order is nonappealable. Ellerbee also asserts that even if that January 8, 2009 order were appealable, this appeal, initially filed June 12, 2009 (and amended three days later to add Nelson), would be untimely. Ellerbee is correct on both counts. (See Code Civ. Proc., § 904.1; *Neufeld v. State Bd. of Equalization* (2004) 124 Cal.App.4th 1471, 1476, fn. 4 [22 Cal.Rptr.3d 423] ["An order granting or denying a motion for judgment on

the pleadings is not an appealable order because it is not final, but only a preliminary or interlocutory order. The proper appeal is from an actual judgment."]; e.g., *Little v. Mountain View Dairies* (1950) 35 Cal.2d 232, 234 [217 P.2d 416]; Cal. Rules of Court, rule 8.104(a)(3) [latest date on which notice of appeal may be filed is 180 days from entry of order].)

██ Nevertheless, we do not, as Ellerbee contends, lack jurisdiction to consider the merits of the trial court's ruling. Whether a motion for judgment on the pleadings is denied or granted, an appeal from that ruling may be taken from the ultimate judgment. (*Fraser-Yamor Agency, Inc. v. County of Del Norte* (1977) 68 Cal.App.3d 201, 207 [137 Cal.Rptr. 118] [order denying motion]; *Campbell v. Jewish Com. for P. Service* (1954) 125 Cal.App.2d 771, 773 [271 P.2d 185] [order granting motion].) The County filed a timely appeal from the April 14, 2009 judgment. That appeal encompasses the order denying the motion.

 b. *Order to pay sanctions*

██ Ellerbee maintains the appeal from the trial court's order requiring the County and Nelson to pay $6,194 in sanctions for failing to participate in the court-ordered mediation is time-barred. An order directing the payment of monetary sanctions by a party or its attorney is immediately appealable if the amount of sanctions exceeds $5,000. (Code Civ. Proc., § 904.1, subd. (a)(11), (12); *In re Marriage of Dupre* (2005) 127 Cal.App.4th 1517, 1524 [26 Cal.Rptr.3d 328].) The order imposing sanctions was issued on January 30, 2009. The amended notice of appeal was filed on June 15, 2009, within the 180-day window. The appeal is timely. (Cal. Rules of Court, rule 8.104(a)(3).)

2. *Motion for judgment on the pleadings was improperly denied*

The County contends the trial court erred when it denied the motion for judgment on the pleadings because public entity liability must be predicated on violation of a statute and Ellerbee failed to allege or prove any statutory violation.

"A motion for judgment on the pleadings, like a general demurrer, challenges the sufficiency of the plaintiff's cause of action and raises the legal issue, regardless of the existence of triable issues of fact, of whether the complaint states a cause of action. [Citation.]" (*Brownell v. Los Angeles Unified School Dist.* (1992) 4 Cal.App.4th 787, 793 [5 Cal.Rptr.2d 756].) The standard of review for a motion for judgment on the pleadings is the same as that for a general demurrer. (*Baughman v. State of California* (1995) 38 Cal.App.4th 182, 187 [45 Cal.Rptr.2d 82].) "We treat the pleadings as

admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law." (*Ibid.*) " 'We review the complaint de novo to determine whether [it] alleges facts sufficient to state a cause of action under any legal theory. [Citation.]' " (*DiPirro v. American Isuzu Motors, Inc.* (2004) 119 Cal.App.4th 966, 972 [14 Cal.Rptr.3d 787].) We review the disposition, not the court's reasons for that disposition. (*Burnett v. Chimney Sweep* (2004) 123 Cal.App.4th 1057, 1064–1065 [20 Cal.Rptr.3d 562].)

■ The County is correct that its liability, if any, cannot arise out of the common law. "Except as otherwise provided by statute," a public entity "is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person." (Gov. Code, § 815, subd. (a).) This statute, part of the Tort Claims Act (Gov. Code, § 810 et seq.), abolished all common law or judicially declared forms of liability. The law's clear purpose was " ' "not to expand the rights of plaintiffs in suits against governmental entities, but to confine potential governmental liability to rigidly delineated circumstances." ' " (*Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112, 1127 [119 Cal.Rptr.2d 709, 45 P.3d 1171].)

Although not alleged in specific statutory terms, Ellerbee's consistent theory throughout this action has been that as a result of the sheriff's department's negligent failure to discharge its mandatory statutory duty promptly to execute the writ, Ellerbee was damaged when funds that should have been tendered to him were paid instead to his debtor, who is now judgment proof. Specifically, Ellerbee alleged that he delivered to the sheriff's department a writ "along with a letter of instructions" stressing the "urgency of the matter . . . to the Sheriff's Department personnel . . . ." The "County . . . acting through the Sheriff . . . , had a statutory duty to promptly serve the [w]rit . . . ," but "breached the duty of care owed to [Ellerbee] by failing to promptly serve the writ . . . as required by law . . . ." Ellerbee alleged that "as a direct and proximate cause of the breach of the duty by the Sheriff," both Sony BMG and MTV paid monies "directly to the judgement debtors" to Ellerbee's damage.

Ellerbee argues the County had a mandatory statutory obligation to act "in accordance with written instructions" delivered to the Sheriff. (See Code Civ. Proc., §§ 687.010, subds. (a), (b) ["levying officer shall act in accordance with the written instructions . . . ."], 699.530, subd. (a) ["Upon delivery of the writ . . . [and] written instructions . . . , the levying officer shall execute the writ in the manner prescribed by law."].) "Where a public entity is under a mandatory duty imposed by an enactment that is designed to protect against the risk of a particular kind of injury, the public entity is liable for an injury

of that kind proximately caused by its failure to discharge the duty unless the public entity establishes that it exercised reasonable diligence to discharge the duty." (Gov. Code, § 815.6.) The crux of Ellerbee's case is that the Sheriff had a mandatory duty "promptly" to serve the writ in accordance with these statutes and his attorney's instructions, and that the extreme delay in effecting service violated sections 687.010 and 699.530, and was the proximate cause of Ellerbee's damages. Ellerbee has failed to allege the County failed to discharge a specific mandatory statutory duty, and could not do so if given leave to amend.

■ Three requirements must be met before governmental entity liability may be imposed under Government Code section 815.6: (1) an enactment must impose a mandatory duty; (2) the enactment must be meant to protect against the kind of risk of injury suffered by the party asserting section 815.6 as a basis for liability; and (3) breach of the mandatory duty must be a proximate cause of the injury suffered. (*State of California v. Superior Court* (1984) 150 Cal.App.3d 848, 854 [197 Cal.Rptr. 914].)

■ The California Supreme Court discussed the rigid requirements for imposition of governmental liability under Government Code section 815.6 in *Haggis v. City of Los Angeles* (2000) 22 Cal.4th 490 [93 Cal.Rptr.2d 327, 993 P.2d 983]: "First and foremost, application of section 815.6 requires that the enactment at issue be *obligatory*, rather than merely discretionary or permissive, in its directions to the public entity; it must *require*, rather than merely authorize or permit, that a particular action be taken or not taken. (*Morris v. County of Marin* (1977) 18 Cal.3d 901, 907, 910 [136 Cal.Rptr. 251, 559 P.2d 606].) It is not enough, moreover, that the public entity or officer have been under an obligation to perform a function if the function itself involves the exercise of discretion. (*Creason v. Department of Health Services* (1998) 18 Cal.4th 623, 631–633 [76 Cal.Rptr.2d 489, 957 P.2d 1323] (*Creason*).) [¶] Whether an enactment creates a mandatory duty is a question of law: 'Whether a particular statute is intended to impose a mandatory duty, rather than a mere obligation to perform a discretionary function, is a question of statutory interpretation for the courts.' (*Creason, supra*, 18 Cal.4th at p. 631.)" (*Id.* at pp. 498–499.) "Second, but equally important, section 815.6 requires that the mandatory duty be 'designed' to protect against the particular kind of injury the plaintiff suffered. The plaintiff must show the injury is ' "one of the consequences which the [enacting body] sought to prevent through imposing the alleged mandatory duty." ' [Citation.]" (*Id.* at p. 499.) This action founders on the first prong.

■ Here, the only "mandatory" statutory duty is that the governmental entity or employee act "in accordance with the written instructions" provided by the judgment creditor. (Code Civ. Proc., § 687.010, subd. (b).) The statute

makes no reference to any duty to comply with deadlines or timing requests contained in the judgment creditor's instructions. Thus, as here, a creditor's private instructions to act "promptly," or to serve a writ "as soon as possible" do not impose a mandatory obligation on the Sheriff. (See *Creason v. Department of Health Services, supra,* 18 Cal.4th at pp. 631–633 [It is not enough that the public entity or employee have a duty to perform a function if that function itself involves the exercise of discretion.].) The Sheriff retains complete discretion to determine how and when it is feasible to allocate departmental resources to effect service, constrained only by the parameters that it be done prior to the writ's expiration. (See Code Civ. Proc., § 699.530, subd. (b) [officer may not levy on property more than 180 days from date writ is issued].) ██ In this case there is no dispute that the writs were ultimately served within the 180-day period. No mandatory statutory duty was alleged or violated, and the trial court erred when it denied the County's motion for judgment on the pleadings and allowed the action to proceed to trial on a theory of common law negligence.[3]

### 3. *Imposition of sanctions regarding mediation*

██ On Ellerbee's motion, the trial court imposed sanctions of $6,194 jointly and severally against the County, the Sheriff and Nelson for their unexcused failure to participate in a court-ordered mediation in violation of rule 12.15 of the Local Rules of the Superior Court of the County of Los Angeles, and California Rules of Court, former rule 3.874(a) (renumbered 3.894(a), eff. July 1, 2009), and Nelson's apparent failure to have a client representative with settlement authority on standby during the mediation. Code of Civil Procedure section 575.2, subdivision (a) authorizes sanctions for violation of local rules if the local rules authorize such a penalty. ██ Local rule 7.13 of the Los Angeles Superior Court permits the trial court to impose sanctions for failure to comply with the local rules. In addition, ██ California Rules of Court, rule 2.30(b) authorizes sanctions against a party and/or its attorney "for failure without good cause to comply with the applicable rules."

██ Notwithstanding these authorities, Nelson argues the order imposing sanctions was impermissible, because the motion was untimely and because the motion violated the rules protecting the confidentiality of communications made during mediations. (See Evid. Code, §§ 1119, subds. (a), (c), 1121, 1126; *Fair v. Bakhtiari* (2006) 40 Cal.4th 189, 194 [51 Cal.Rptr.3d 871, 147 P.3d 653] [observing that the mediation confidentiality provisions of the Evid. Code "were enacted to encourage mediation by permitting the parties to frankly exchange views, without fear that disclosures might be used against

---

[3] Our decision makes it unnecessary to address the parties' arguments regarding instructional error, or the court's allegedly erroneous evidentiary rulings.

them in later proceedings"].) He is mistaken. (Cf. *Campagnone v. Enjoyable Pools & Spas Service & Repairs, Inc.* (2008) 163 Cal.App.4th 566, 572 [77 Cal.Rptr.3d 551] [rejecting claim that a party's report that opponent failed to report for court-ordered appellate mediation was a violation of rules of confidentiality and could not serve as a basis for sanctions. "[T]he unauthorized failure of a party, [or] the party's attorney . . . to attend a court-ordered appellate mediation necessarily constitutes conduct that is an unreasonable violation of local rule [requiring attendance by party with full settlement authority], warranting imposition of sanctions . . . ."].)

Defendants and Nelson also opposed Ellerbee's motion for sanctions on the ground it was untimely. Initially, it was. The court continued the hearing on the motion for three weeks, giving defendants time to file supplemental opposition. Defendants failed to submit a timely supplemental opposition. The trial court nevertheless considered the late-filed supplemental opposition to the extent it constituted an "offer of proof." The court, however, found "there was no 'proof' incorporated into that late opposition, and it was of no practical value . . . ." The court further found that defendants failed to present any evidence to refute Ellerbee's showing that the County failed to have a personal representative with settlement authority at the mediation, and failed to show that the presence of such a representative was either waived or excused by court order. The court found Ellerbee's motion for sanctions did not breach any of the confidentiality provisions of Evidence Code section 1119. The court also found defendants had not challenged either the reasonableness or the necessity of any of Ellerbee's claimed expenses, and awarded the full amount of costs sought by Ellerbee's attorney.

We review an order imposing sanctions for an abuse of discretion. (*Elkins v. Superior Court* (2007) 41 Cal.4th 1337, 1364 [63 Cal.Rptr.3d 483, 163 P.3d 160].) The County and Nelson have not shown that the trial court abused its discretion with regard to making an award of sanctions, and have made no effort to demonstrate any abuse of discretion as to the amount of sanctions awarded. The order is affirmed.

### 4. *Motion to dismiss appeal and for sanctions*

Ellerbee filed a motion seeking the imposition of sanctions, and requesting an award of at least $26,995, which he says is a portion of the costs and attorney fees he has incurred defending this allegedly frivolous appeal. As illustrated by our discussion above, we find that there is merit to the appeal of the trial court's denial of the County's motion for judgment on the pleadings. Accordingly, we address the motion solely with respect to the

issue of the sanctions award. Ellerbee argues the County's appeal merely reargues points raised below, the hallmark of a frivolous appeal, prosecuted for purposes of delay.[4] (See Code Civ. Proc., § 907 ["[w]hen it appears to the reviewing court that the appeal was frivolous or taken solely for delay, it may add to the costs on appeal such damages as may be just"].) An appeal is frivolous when it is prosecuted for an improper motive or when it indisputably has no merit, that is, "when any reasonable attorney would agree that the appeal is totally and completely without merit." (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650 [183 Cal.Rptr. 508, 646 P.2d 179] (*Flaherty*).)

■ Mindful of the Supreme Court's words in *Flaherty*, in which the court announced the test for determining if an appeal is frivolous, we decline Ellerbee's request either to dismiss the appeal from the sanctions award or to award additional sanctions. In *Flaherty* the court observed that any definition of a frivolous appeal must be read "to avoid a serious chilling effect on the assertion of litigants' rights on appeal. Counsel and their clients have a right to present issues that are arguably correct, even if it is extremely unlikely that they will win on appeal. An appeal that is simply without merit is *not* by definition frivolous and should not incur sanctions. Counsel should not be deterred from filing such appeals out of a fear of reprisals." (*Flaherty, supra*, 31 Cal.3d at p. 650.) The difficulty was "in striking a balance that [would] ensure both that indefensible conduct does not occur and that attorneys are not deterred from the vigorous assertion of clients' rights." (*Id.* at p. 648.) Noting that in all but the clearest cases, the power to dismiss a frivolous appeal should not be used, the court added: "The same may be said about the power to punish attorneys for prosecuting frivolous appeals: the punishment should be used most sparingly to deter only the most egregious conduct." (*Id.* at pp. 650–651.) The general standard for determining "frivolousness" relies on the good judgment of appellate courts to strike the proper balance, emphasizing that in light of the competing interests "the punishment should be used most sparingly to deter only the most egregious conduct." (*Id.* at p. 651.) Measured against *Flaherty*'s exacting standard, we decline to say the appeal is frivolous.

---

[4] Ellerbee also maintains sanctions are in order because (1) the appeal was brought from a nonappealable order denying a motion for judgment on the pleadings, (2) the appeal from the order imposing sanctions for failure to participate in pretrial mediation was untimely, and (3) appellants failed to file a reply brief, thereby conceding their appeal lacks merit. None of these arguments supports an assessment of sanctions.

As observed above, the interlocutory order denying the motion for judgment on the pleadings may be reviewed on appeal from the judgment, and the appeal from the sanctions award is timely. As for the County's failure to submit a reply, while such briefs may be advisable, they are not required. (See Cal. Rules of Court, rule 8.200(a)(3) ["Each appellant *may* . . . file a reply brief" (italics added)].)

## DISPOSITION

The judgment is reversed. The matter is remanded to the trial court with instructions to vacate the judgment and to enter an order granting the County's motion for judgment on the pleadings. The pretrial order awarding sanctions jointly and severally against the County, the Sheriff and Nelson is affirmed. The motion to dismiss the appeal and to impose sanctions is denied. Each party shall bear his or its own costs on appeal.

Rothschild, Acting P. J., and Chaney, J., concurred.