Filed 6/30/16  Tung v. 1132 Masonic CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| JOHN LE TUNG,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>1132 MASONIC, LLC,<br><br>        Defendant and Respondent. | A144992<br><br>(Alameda County<br>Super. Ct. No. RG14738214) |

Appellant John Le Tung appeals from dismissal of his action following the trial court's order sustaining without leave to amend a demurrer filed by respondent 1132 Masonic, LLC.  We affirm.  We also impose monetary sanctions on appellant and his counsel for this frivolous appeal.

BACKGROUND

In 2001, appellant commenced a development project at commercial property he owned on 12th Street in Oakland, California.  (*Tung v. California Mortgage & Realty, Inc.* (Mar. 30, 2015, A140659) [nonpub. opn.] p. 1 (*Tung I*).)[1]  In the fall of 2005, appellant needed additional funding to complete the project.  (*Id.* at pp. 1–2.)  He transferred the property to a limited liability corporation that obtained a $5.75 million

---

[1] We grant respondent's unopposed December 3, 2015 request for judicial notice of the *Tung I* decision.  (Cal. Rules of Court, Rule 8.54(c).)  We deny respondent's request for judicial notice of the remittitur issued in *Tung I* and the certificate of interested persons filed in that appeal, because reference to those materials is unnecessary to resolution of the current appeal.

1

construction loan from CMR Mortgage Fund, LLC. (*Id.* at p. 2.) California Mortgage and Realty, Inc. (California Mortgage), was the lender's broker for the 2005 loan. (*Ibid.*) Among other things, appellant secured the 2005 loan with a deed of trust to his residential property on Masonic Avenue in Albany, California. (*Id.* at p. 3.)

Appellant's limited liability corporation defaulted on the loan and, acting as trustee, California Mortgage sold and transferred the Masonic Avenue property to respondent in a foreclosure sale. In *Tung I*, Division Four of this court affirmed a trial court's judgment denying appellant's petition to vacate an arbitration award rejecting, among other things, appellant's challenges to the validity of the foreclosure sale. (*Tung I, supra*, A140659, at pp. 1–3, 6–7.)

In January 2015, appellant filed his first amended complaint (FAC) in the present case. Appellant asserted eight causes of action arising from the foreclosure sale of the Masonic Avenue property, including, among other things, wrongful foreclosure, fraud, and unjust enrichment. Appellant sought, among other things, cancellation of the sale and a judgment quieting title in the property in his favor. In addition to respondent, the FAC named a Lien Uy, who was respondent's attorney in an unlawful detainer action, and asserted a legal malpractice claim against him alone.

In February 2015, respondent demurred to the FAC. In March, the trial court sustained respondent's "unopposed" demurrer without leave to amend on the ground that appellant "failed to allege facts sufficient to state a cause of action against Defendant 1132 Masonic, LLC." The trial court granted a motion for sanctions filed by respondent and ordered appellant to pay respondent $2,500. The court entered a judgment of dismissal.

This appeal followed.

## DISCUSSION

"A demurrer tests the legal sufficiency of the complaint, and the granting of leave to amend involves the trial court's discretion. Therefore, an appellate court employs two separate standards of review on appeal. [Citations.] First, the complaint is reviewed de novo to determine whether it contains sufficient facts to state a cause of action.

[Citation.] In doing so, we accept as true the properly pleaded material factual allegations of the complaint, together with facts that may be properly judicially noticed. Reversible error exists only if facts were alleged showing entitlement to relief under any possible legal theory. [Citations.] [¶] Second, where the demurrer is sustained without leave to amend, reviewing courts determine whether the trial court abused its discretion in doing so. [Citations.] On review of the trial court's refusal to grant leave to amend, we will only reverse for abuse of discretion if we determine there is a reasonable possibility the pleading can be cured by amendment." (*Hernandez v. City of Pomona* (1996) 49 Cal.App.4th 1492, 1497.) "The burden is on [appellant] to demonstrate that the trial court abused its discretion and to show in what manner the pleadings can be amended and how such amendments will change the legal effect of their pleadings." (*Careau & Co. v. Security Pacific Business Credit, Inc.* (1990) 222 Cal.App.3d 1371, 1388.)

In addition to those standards specifically applicable to review of an order sustaining a demurrer without leave to amend, several additional propositions guide our review. The trial court's judgment is presumed correct, and appellant, as the party challenging the court's order, has the burden of demonstrating error. (*Interinsurance Exchange v. Collins* (1994) 30 Cal.App.4th 1445, 1448.) Meeting this burden requires the presentation of reasoned argument with citations to supporting authorities; it is not this court's responsibility to conduct legal research in search of authority to support an appellant's claims on appeal. (*Ibid.*; *Alvarez v. Jacmar Pacific Pizza Corp.* (2002) 100 Cal.App.4th 1190, 1206, fn. 11 ["It is not our responsibility to develop an appellant's argument."]; Cal. Rules of Court, rule 8.204(a)(1)(B); see also *Nelson v. Avondale Homeowners Assn.* (2009) 172 Cal.App.4th 857, 862.)[2] Appellant's failure to meet his burden forfeits his claims on appeal. (*People v. Stanley* (1995) 10 Cal.4th 764, 793 [if a party fails to provide legal argument and citations to authority on a point, " 'the court may treat it as waived, and pass it without consideration' "]; accord *People v. Bryant*

_____

[2] All undesignated rules references are to the California Rules of Court.

(2014) 60 Cal.4th 335, 363–364.)  We also note that appellant failed to file a reply brief addressing the arguments in respondent's brief on appeal.  While this is not an admission that the appeal lacks merit (*Ellerbee v. County of Los Angeles* (2010) 187 Cal.App.4th 1206, 1218, fn. 4), we will not endeavor to respond to respondent's arguments on appellant's behalf.

Appellant's primary contention on appeal is that the foreclosure sale was wrongful because California Mortgage was in bankruptcy proceedings at the time of the sale.  He argues California Mortgage failed to disclose the Masonic Avenue property as an asset and the sale of the property violated the automatic bankruptcy stay.  Respondent argues "there is no evidence that California Mortgage has ever filed a bankruptcy proceeding" and asserts that appellant "has historically confused California Mortgage with the CMR Mortgage Funds, which are separate and distinct entities."  Respondent explains that CMR Mortgage Funds was the original lender and California Mortgage acted as the lender's broker.  Division Four of this court recognized this distinction in *Tung I*, stating "appellant frequently ignores the distinction between the Lender of the 2005 loan, and respondent, the Lender's broker for that loan."  (*Tung I*, *supra*, A140659, at p. 2, fn. 1.)  Because appellant did not address this issue in his opening brief and did not file a reply, we reject his claim of error.

Appellant also contends respondent committed fraud in a prior unlawful detainer proceeding because Corporations Code section 2203, subdivision (c) prohibited respondent from maintaining a lawsuit.  Appellant contends respondent was a foreign corporation transacting business in California that was prohibited by that section from maintaining an action in the state.  Respondent argues in its brief that "there is no proscription in California against an unincorporated association . . . acquiring and holding title to real property.  Rather, such ownership is expressly approved by statute (Corp. Code Section 18105)."  Section 18105 of the Corporations Code provides, "An unincorporated association may, in its name, acquire, hold, manage, encumber, or transfer an interest in real or personal property."  (See also Corp. Code, § 191 [defining phrase "transact intrastate business"].)  Because appellant did not address that statute in

4

his opening brief, or provide another basis for his claim respondent transacted business, and did not file a reply, we reject his claim of error.

Appellant contends in passing that the trial court erred in dismissing the FAC as to defendant Uy, because Mr. Uy did not file a demurrer. Respondent argues appellant has not shown any basis for Mr. Uy's liability independent of his conduct as respondent's agent and/or purported co-conspirator. Respondent reasons that, because appellant's claims against respondent are without merit, his claims against Mr. Uy are necessarily without merit as well and the court therefore properly dismissed the FAC as to Mr. Uy. Because appellant did not demonstrate an independent basis for Mr. Uy's liability in his opening brief and did not file a reply, we reject the claim of error.

Appellant's opening brief contains various other assertions of fraud and other misconduct by respondent or other persons purportedly associated with respondent. Because appellant failed to connect those allegations with the claims asserted in the FAC and to explain with citations to authority why the trial court erred in sustaining the demurrer, any claims based on those miscellaneous assertions have been forfeited. (*People v. Stanley*, *supra*, 10 Cal.4th at p. 793.)

Because appellant's claims of error are without merit, it is unnecessary for this court to address the additional grounds for affirmance advanced by respondent, including, among others, the statute of limitations, res judicata, and appellant's failure to tender the sums due under the note secured by the deed of trust on the Masonic Avenue property.

Respondent filed, along with its brief on appeal, a motion for sanctions against both appellant and his attorney. Respondent argued, among other things, the present appeal is frivolous (Rule 8.276(a)(1)) and requested sanctions in the amount of $17,500, as well as costs on appeal. This court gave notice it was considering imposing sanctions on appellant John Le Tung and appellant's counsel Nicole Hodge Amey (SBN 215157), and it received an opposition to the motion for sanctions. (Rule 8.276(c).) The opposition fails to demonstrate the appeal is not frivolous. It largely ignores the issues briefed on appeal as discussed above, and instead argues the record shows the foreclosure sale was fraudulent. That contention is untimely and appellant fails to explain how that

5

argument is not precluded by the decision in *Tung I*, which affirmed denial of appellant's petition to vacate an arbitration award rejecting appellant's challenges to the validity of the foreclosure sale. (*Tung I*, *supra*, A140659, at pp. 1–3, 6–7.) Our finding the present appeal is frivolous is further supported by appellant's failure to oppose the demurrer below, to present any well-founded claims in his opening brief, and to file a reply. Moreover, as documented in respondent's motion for sanctions and accompanying declaration, respondent's counsel warned appellant's counsel that respondent would seek sanctions if appellant persisted with the appeal. Appellant's counsel offers no explanation for the decision to persist with the appeal in her declaration accompanying the opposition to the motion for sanctions. Accordingly, this court awards sanctions in the amount of $7,000 against appellant and his counsel; costs on appeal pursuant to rule 8.278 also will be awarded to respondent from appellant.

DISPOSITION

The judgment is affirmed. As sanctions for a frivolous appeal, appellant and appellant's counsel shall, as a joint and several obligation, pay respondent $7,000. Respondent is also awarded its costs on appeal from appellant pursuant to rule 8.278.

_____

SIMONS, Acting P.J.

We concur.

_____

NEEDHAM, J.

_____

BRUINIERS, J.

(A144992)

7