Filed 9/29/21  In re M.P. CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| In re M.P., et al.,<br><br>Persons Coming Under the Juvenile Court Law. | B311035<br><br>(Los Angeles County Super. Ct. No. 20LJJP00089) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>          Plaintiff and Respondent,<br><br>     v.<br><br>SONIA E.,<br><br>          Defendant and Appellant. | |

APPEAL from orders of the Superior Court of Los Angeles County, Robin R. Kesler, Temporary Judge.  Dismissed.

Johanna R. Shargel, under appointment by the Court of Appeal, for Defendant and Appellant.

Rodrigo A. Castro-Silva, County Counsel, Kim Nemoy, Assistant County Counsel, and William D. Thetford, Principal Deputy County Counsel, for Plaintiff and Respondent.

_____

Sonia E. (Mother) appeals from orders of the juvenile court asserting jurisdiction over her two children following an incident of domestic violence during which Christian P. (Father) repeatedly punched Mother in the face in front of their one-year-old daughter. The juvenile court cited both parents' consistent denials of domestic violence as key factors supporting the ongoing risk of harm to both children and necessitating jurisdiction.

Mother appealed, asserting that a single incident of domestic violence could not support dependency jurisdiction because it did not demonstrate an ongoing, serious risk of harm to the children, especially because the jurisdictional hearing took place over one year after that incident.

After Mother filed her appeal, the juvenile court returned both children to their parents' custody and terminated its jurisdiction. Mother does not argue, and we do not find, that the sustained jurisdictional allegations against mother will have any meaningful effect on future proceedings. Accordingly, we dismiss Mother's appeal as moot.

## FACTUAL AND PROCEDURAL BACKGROUND

Mother has two children with Father, three-year-old M.P. and one-year-old Cristian P. In December 2019, the Los Angeles County Department of Child and Family Services (the Department) investigated the family after receiving a report of domestic violence between the parents. Father allegedly held Mother down on the bed and punched her in the face three times,

in front of M.P., before fleeing the home on foot.  Police responded to the scene and took photos of Mother's visible injuries, including redness and swelling on the right side of her face.

Mother obtained an emergency protective order against Father, and, when first visited by social workers on January 6, 2020, indicated that she and Father no longer resided together. However, she also recanted her prior allegations of Father's physical abuse and denied that any domestic violence took place in front of M.P.  By January 23, 2020, the emergency protective order had expired and Father, who also denied any domestic violence, had moved back into the family home.

On February 11, 2020, the Department filed a petition alleging that the children were subject to dependency jurisdiction pursuant to Welfare and Institutions Code section 300, subdivisions (a) and (b)(1).  The petition alleged two counts against both parents due to their "history of engaging in violent altercations in the presence of the child."  Count a-1 alleged that Father's violent conduct and mother's failure to protect M.P. created "a substantial risk that the child will suffer[ ] serious physical harm inflicted nonaccidentally upon the child by [her] parent[s]."  Count b-1 alleged that the same conduct posed additional risks of serious harm to M.P. "as a result of the failure or inability of [her] parent[s] . . . to supervise or protect the child adequately."

The children were not removed from the parents' custody because the Department determined that reasonable efforts, including participation in family maintenance services, were available.  Instead, the juvenile court ordered Mother and Father to comply with a voluntary family maintenance plan.

Although the jurisdiction hearing was scheduled for April 9, 2020, it was ultimately continued until 2021 because of delays caused by the COVID-19 pandemic. In the interim, Cristian P. was born.

The Department filed a non-detained dependency petition, alleging that jurisdiction over Cristian P. would be appropriate for the same reasons alleged in the February 11, 2020 petition. The petition contained three counts as to Cristian P.: counts a-1 and b-1, which replicated the analogous counts in M.P.'s petition, while count j-1 alleged that the parents' "history of engaging in violent altercations in the presence of the child's sibling" created a substantial risk that Cristian P. would be subject to similar abuse.

On October 20, 2020, the juvenile court detained Cristian P. and set a jurisdictional hearing to occur simultaneously with the hearing on M.P.'s petition.

On January 12, 2021, the time of the combined jurisdictional hearing for M.P. and Christian P., Mother had completed a 10-week parenting program. However, she continued to deny that domestic violence took place. The juvenile court expressed concern that Mother "ha[d]n't learned through the programs that she attended," and that "she continues to deny the severity of this event." These concerns, coupled with Father's failure to engage in services, led the court to conclude that the children were still at risk of harm from the parents' history of domestic violence.

Accordingly, the juvenile court sustained M.P.'s dependency petition as pled. It also sustained count j-1 of Cristian P.'s petition, dismissing the remaining counts. The court allowed the children to remain in parental custody on the

4

condition that both parents complied with family prevention services. A six-month review hearing was set for July 12, 2021.

On February 26, 2021, mother filed a timely notice of appeal.

On July 23, 2021, the Department advised us of the status report it had submitted to the juvenile court on June 22, 2021. Because both parents had completed their required family maintenance plan, the report recommended that the juvenile court dismiss the case and that Mother and Father be given joint custody of both children.

On July 12, 2021, the juvenile court terminated jurisdiction, finding that "those conditions which would justify the initial assumption of jurisdiction under . . . section 300 no longer exist and are not likely to exist if supervision is withdrawn."

## DISCUSSION

"[T]he critical factor in considering whether a dependency appeal is moot is whether the appellate court can provide any effective relief if it finds reversible error." (*In re N.S.* (2016) 245 Cal.App.4th 53, 60.) "As a general rule, an order terminating juvenile court jurisdiction renders an appeal from a previous order in the dependency proceedings moot." (*In re C.C.* (2009) 172 Cal.App.4th 1481, 1488.) If the reviewing court determines a dependency appeal is moot, the proper remedy is to dismiss the appeal. (See *In re N.S.*, *supra*, at p. 59.)

We previously took judicial notice of the juvenile court's subsequent termination of jurisdiction in this case. The Department argues that this termination renders Mother's appeal of the court's jurisdictional orders moot. Pursuant to the general rule recognized by the *In re C.C.* court, we agree.

5

Mother did not argue against mootness in her opening brief, and she did not exercise her right to reply to the Department's arguments regarding mootness. In any event, we will briefly evaluate whether the jurisdictional orders in this case reasonably could impact Mother in future dependency proceedings.[1]

Mother never lost custody of the children, and the juvenile court awarded her joint physical and legal custody before terminating its jurisdiction. In that dependency proceedings have terminated, the court's prior orders requiring Mother to comply with family maintenance services are no longer operative. Under these circumstances, we cannot provide effective relief to Mother.

It also does not appear that the juvenile court's jurisdictional orders could adversely affect Mother in future proceedings. Father did not appeal the jurisdictional findings against him, to the effect that the underlying facts of the physical altercation between Mother and Father will remain in Mother's record regardless of our ruling here.

The juvenile court's termination of jurisdiction itself provides additional mitigation against future prejudice. By terminating jurisdiction and simultaneously awarding Mother

---

[1] Although we have previously concluded that an appellant's failure to file a reply brief does not constitute an admission that her appeal lacks merit (see *Ellerbee v. County of Los Angeles* (2010) 187 Cal.App.4th 1206, 1218, fn. 4), other appellate courts have held that failing to file a reply brief concedes the respondent's position (*Johnson v. English* (1931) 113 Cal.App. 676, 677 ["Appellant, by failing to file a reply brief, concedes that respondent's position is unassailable"]).

joint legal and physical custody, the juvenile court impliedly found that Mother had changed her behavior and no longer presented a substantial risk of serious harm to her children.

In future dependency proceedings, the Department will have to prove any allegations against Mother by showing that her behavior has changed significantly enough to overcome the juvenile court's favorable assessment of Mother's current parenting capabilities.  (See *In re I.A.* (2011) 201 Cal.App.4th 1484, 1495 ["the agency will be required to demonstrate jurisdiction [in any such future proceeding] by presenting evidence of *then current* circumstances placing the minor at risk" (italics added)].)  Similarly, a family law court can modify the exit order awarding joint physical and legal custody to mother only if there is " 'a significant *change of circumstances* since the juvenile court issued the order.' "  (*In re Cole Y.* (2015) 233 Cal.App.4th 1444, 1456, italics added.)

Under these circumstances, any impact that the prior jurisdictional orders could have on subsequent dependency proceedings is entirely speculative.  Accordingly, we dismiss this appeal as moot.

## DISPOSITION

We dismiss Mother's appeal of the juvenile court's jurisdictional orders.

NOT TO BE PUBLISHED


                                          CRANDALL, J.*


We concur:



        CHANEY, J.



        BENDIX, Acting P. J.

---

* Judge of the San Luis Obispo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.