Filed 1/31/24  Harsini v. Curko CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

|  |  |
|---|---|
| MIKE HARSINI,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>MARCELLO CURKO,<br><br>    Defendant and Respondent. | B328416<br><br>(Los Angeles County Super. Ct. No. 22TRCV00213) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Deirdre Hill, Judge.  Affirmed.

Mike Harsini, self-represented litigant, for Plaintiff and Appellant.

Logan Mathevosian & Hur and Elise H. Hur, for Defendant and Respondent.

# I.   INTRODUCTION

Plaintiff Mike Harsini appeals from a judgment following an order granting defendant Marcello Curko's motion for judgment on the pleadings.  Plaintiff's opening and reply briefs violate rule 8.204 of the California Rules of Court.[1]  Moreover, he has failed to provide an adequate record on appeal.  Accordingly, we affirm.

# II.   BACKGROUND

On March 22, 2022, plaintiff filed a complaint against defendant for defamation and intentional infliction of mental distress.

On July 5, 2022, plaintiff filed a peremptory challenge against the trial judge pursuant to Code of Civil Procedure section 170.6, which the trial court denied as untimely.[2]

On July 18, 2022, plaintiff filed a special motion to strike pursuant to section 425.16.  On August 19, 2022, the trial court denied the motion.

---

[1]   Subsequent rule references are to the California Rules of Court.

[2]   Subsequent statutory references are to the Code of Civil Procedure.

Plaintiff appealed the denial of his peremptory challenge petition, which the court of appeal dismissed as an appeal from a nonappealable order.  (*Harsini v. Curko* (Feb. 3, 2023, B321693) [nonpub. order].)

On August 22, 2022, plaintiff moved for summary judgment. On September 22, 2022, the trial court denied the motion without prejudice.

On September 22, 2022, plaintiff re-filed the summary judgment motion.

On January 25, 2023, defendant moved for judgment on the pleadings. Plaintiff filed an opposition to the motion and defendant filed a reply.

On March 2, 2023, the trial court granted defendant's motion for judgment on the pleadings without leave to amend.[3] On March 21, 2023, the court denied plaintiff's motion to vacate the order denying his summary judgment motion. That same day, the court entered judgment in favor of defendant. Plaintiff timely appealed.[4]

---

[3]     The motion for judgment on the pleadings, plaintiff's opposition, defendant's reply to the opposition, and the order granting the motion are not in the appellate record.

[4]     Plaintiff identified multiple inapplicable grounds of appealability in his notice of appeal, specifically: section 904.1, subdivisions (a)(3) to (a)(13); section 170.6; and a judgment of dismissal under section 581d. Nonetheless, we liberally construe the notice (rule 8.100(a)(2)) as an appeal from a judgment after an order granting a motion for judgment on the pleadings, which is appealable. (*Ellerbee v. County of Los Angeles* (2010) 187 Cal.App.4th 1206, 1212–1213.)

## III.  DISCUSSION

On appeal, plaintiff challenges the trial court's order granting defendant's motion for judgment on the pleadings.  We reject plaintiff's challenge for two reasons.

First, plaintiff has failed to support his appeal with cogent argument, citations to authority, or reference to the record.  As a self-represented litigant, plaintiff "is entitled to the same but no greater consideration than other litigants.  [Citations.]" (*County of Sacramento v. Singh* (2021) 65 Cal.App.5th 858, 861.)  And, an appellant's position on appeal must be supported by cognizable legal argument and citations to authority.  (*Cahill v. San Diego Gas & Electric Co.* (2011) 194 Cal.App.4th 939, 956.)  "'"When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived."'  [Citation.]  'We are not bound to develop appellants' arguments for them.  [Citation.]  The absence of cogent legal argument or citation to authority allows this court to treat the contention as waived.'" (*Ibid.*)

Second, plaintiff has provided an inadequate record on appeal.  The record does not include the motion for judgment on the pleadings, plaintiff's opposition, defendant's reply, or the order granting the motion.  "[I]t is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment.  [Citations.]  'This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.'  [Citations.]  'In the

4

absence of a contrary showing in the record, all presumptions in favor of the trial court's action will be made by the appellate court. "[I]f any matters could have been presented to the court below which would have authorized the order complained of, it will be presumed that such matters were presented.'" [Citation.] "'A necessary corollary to this rule is that if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed.'" [Citation.] 'Consequently, [the appellant] has the burden of providing an adequate record. [Citation.] Failure to provide an adequate record on an issue requires that the issue be resolved against [the appellant].' [Citation.]" (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609.)

## IV.  DISPOSITION

The judgment is affirmed.  Defendant Marcello Curko is entitled to costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

KIM, J.

We concur:

RUBIN, P. J.

BAKER, J.

6