Filed 8/2/24  Tovella v. Megarit CA4/3

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| RON TOVELLA,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>MICHAEL MEGARIT,<br><br>    Defendant and Appellant. | G061468<br><br>(Super. Ct. No. 30-2018-00965245)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Richard Y. Lee, Judge.  Reversed and remanded.

John L. Dodd & Associates and John L. Dodd for Defendant and Appellant.

RMO and Sean D. Muntz and Phillip J. Szachowicz for Plaintiff and Respondent.

\*          \*          \*

Michael Megarit appeals from a default judgment entered in favor of Ron Tovella. Megarit contends the default judgment must be vacated because the court erred in striking his answer. We agree. We therefore reverse the judgment with instructions to vacate the orders entering default and striking the answer.

## FACTS

Tovella filed a complaint against Megarit alleging causes of action including for breach of contract, fraud, conversion, and unjust enrichment. Megarit filed an answer. Following discovery, Tovella filed a motion to compel interrogatory responses; he also sought monetary sanctions. The court granted the discovery motion but denied the request for sanctions on procedural grounds. When he received no further discovery responses, Tovella filed a motion to strike Megarit's answer and enter his default. Tovella again requested monetary sanctions. The court granted the motion and ordered Megarit to pay sanctions and provide discovery responses.[1]

The trial court ordered a mandatory settlement conference; Megarit did not appear. The court calendared an order to show cause (OSC) regarding whether it should strike Megarit's answer. The order stated, "[f]ailure to appear at the [OSC] . . . will result in sanctions including striking the answer and possible entry of default." Megarit again failed to appear at

---

[1] On appeal, Megarit contends the court then struck his answer and entered his default. In the trial court he asserted the court did not enter his default until after a later mandatory settlement conference. Megarit cannot take a different position on appeal. (*In re Marriage of Eben-King & King* (2000) 80 Cal.App.4th 92, 110–111.) Accordingly, we assume for purposes of this appeal that the court did not strike his answer as a discovery sanction.

the OSC. The court then struck Megarit's answer, and the court clerk entered his default on May 26, 2020. The court later entered a default judgment against Megarit.

## DISCUSSION

Megarit claims the court erred in striking his answer and entering his default as a sanction for his failure to attend the mandatory settlement conference. We agree. As Tovella correctly points out, the court has the discretion to issue a terminating sanction for a party's failure to appear at a mandatory settlement conference. (Super. Ct. Orange County, Local Rules, rules 316 & 381.) On appeal, we decide whether the court abused its discretion. (*Ellerbee v. County of Los Angeles* (2010) 187 Cal.App.4th 1206, 1217.)

Trial courts should reserve terminating sanctions for those situations in which the offending conduct was clear and deliberate, where no lesser alternative would remedy the harm, and where the record indicates the fault lies with the party, not the attorney. (*Del Junco v. Hufnagel* (2007) 150 Cal.App.4th 789, 799.)

Here, there is no indication in the record the court considered a lesser sanction prior to striking the answer. Nor is there evidence a lesser sanction would not have resulted in Megarit's attendance and compliance. There was also no evidence the failure to appear at the mandatory settlement conference was the fault of Megarit, rather than his attorney. Accordingly, based on the record before us we find the court abused its discretion in striking the answer; the subsequent default and default judgment must therefore be vacated.[2] (*Heidary v. Yadollahi* (2002) 99 Cal.App.4th 857, 863.)

___

[2] Megarit raises other grounds for reversing the default and

3

## DISPOSITION

We reverse the judgment and instruct the trial court to vacate the orders entering Megarit's default and striking Megarit's answer. Megarit shall recover his costs incurred on appeal.

GOETHALS, J.

WE CONCUR:

O'LEARY, P. J.

SANCHEZ, J.

---

default judgment. Because we hold the court erred in striking the answer, Megarit's remaining contentions are moot.

4